# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MODULUS-X PRECISION MACHINING LTD., <br><br> *Plaintiffs,* <br><br> v. <br><br> MODTRUSS, INC., and DOES 1-10, INCLUSIVE, <br><br> *Defendants.* <br><br> ──────────────── <br><br> MODTRUSS, INC., <br><br> *Counterclaim Plaintiff,* <br><br> v. <br><br> MODULUS-X PRECISION MACHINING LTD.; KEY RIGGING EQUIPMENT LTD.; and DEAN COLLINS, <br><br> *Counterclaim Defendants.* | Case No. 1:24-cv-4377-ELR |

**COUNTERCLAIM DEFENDANTS' MOTION TO STAY DEADLINES PENDING RESOLUTION OF COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS**

Counterclaim Defendants Modulus-X Precision Machining Ltd. ("Modulus-X"), Key Rigging Equipment Ltd. ("Key Rigging"), and Mr. Dean Collins (collectively "Counterclaim Defendants"), by and through their undersigned

counsel, pursuant to Local Rules 16.2 and 26.1, hereby move this Court to stay the case deadlines, including filing the Joint Preliminary Report and Discovery Plan and Initial Disclosures on March 17, 2025, as well as the start of discovery, until such time as the Court rules on the pending Motion to Dismiss.

Modulus-X filed its Complaint for Declaratory Judgement of Noninfringement and Invalidity of ModTruss Inc.'s ("ModTruss") Trademark and Trade Dress on September 27, 2024. (Dkt. 1.) ModTruss filed its Answer to the Complaint on December 2, 2024. (Dkt. 11.) Notably, ModTruss's Answer included ten counterclaims and added two additional parties to the lawsuit. (Dkt. 11.) On March 13, 2025, Counterclaim Defendants filed a Motion to Dismiss ModTruss's Counterclaims pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 33.)

Overall, the Court has broad discretion over discovery and scheduling. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. *See Bailey v. Fair & Walker Unit Owners Ass'n, Inc.*, No. 1:22-CV-000098-ELR, 2022 WL 18781001, at *1 (N.D. Ga. June 17, 2022) (granting motion to stay discovery deadlines until resolution of the defendant's

motions to dismiss). *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"). Courts typically evaluate three factors when determining whether to grant a stay: (1) whether a stay would cause undue prejudice or create a tactical disadvantage for the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been established. *Baine v. Citibank, N.A.*, No. 1:18-CV-3024-AT-JSA, 2018 WL 6167950, at *1 (N.D. Ga. Oct. 10, 2018). It is appropriate to grant a motion to stay discovery when there is a pending motion to dismiss that could eliminate some or all of the pending claims and/or limit the scope of discovery; this is particularly pertinent in cases involving multiple defendants. *See Goodgame v. Bank of Am. Corp.*, No. CV421-087, 2016 WL 10998862, at *2 (N.D. Ga. Apr. 2016) (in a case involving multiple defendants, granting motion to stay discovery until resolution of pending motions to dismiss even though three defendants had already filed answers to the complaint); *Alvarez v. Bechtel Corp.*, No. CV421-087, 2021 WL 8893052, at *2 (S.D. Ga. June 9, 2021) (granting motion to stay discovery when each defendant filed a motion to dismiss that, if granted, would significantly narrow the potential scope of discovery to only a single defendant); *Baine v. Citibank, N.A.*, No. 1:18-CV-3024-AT-JSA, 2018 WL 6167950, at *1 (N.D. Ga. Oct. 10, 2018) (granting motion to stay discovery because "requiring the

other Defendants to proceed with discovery 'in piecemeal fashion while holding discovery as to [one defendant] in abeyance' would be inefficient for all parties.").

Here, Counterclaim Defendants' Motion to Dismiss challenges this Court's jurisdiction to hear ModTruss's Counterclaims, this Court's ability to exercise personal jurisdiction over two of the Counterclaim Defendants, and the viability of the counterclaims themselves. Potentially, this Court could dismiss every one of the counterclaims or dismiss Dean Collins and Key Rigging as parties to this suit. Even a partial grant of the Motion to Dismiss will narrow the issues which the parties must address in discovery and therefore reduce the scope of discovery. Because numerous potentially dispositive issues are pending in the Motion to Dismiss, Counterclaim Defendants respectfully request that the Court stay the case deadlines, including submission of the Joint Preliminary Report and Discovery Plan and Initial Disclosures and the subsequent start of discovery until the Court decides Motion to Dismiss.

Further, a stay in this action will not harm the parties nor will it unnecessarily delay the disposition of this action. To the contrary, a stay will help avoid unnecessary discovery costs on issues and parties that may ultimately be dismissed from this action and reduce the requirement for multiple amendments to the Joint Preliminary Report and Discovery Plan and Initial Disclosures. Indeed, a stay will reduce the burden and costs not only on the parties but, also, this Court.

For the foregoing reasons, Counterclaim Defendants respectfully request that this Motion for Stay be granted, and that this Court stay all deadlines, including for filing the Joint Preliminary Report and Discovery Plan and Initial Disclosures as well as the start of discovery in this matter until the Motion to Dismiss filed in this action is resolved.

A proposed order granting the relief request is filed concurrently with this Motion.

Respectfully submitted this 14th day of March, 2025.

<u>/s/Kathryn A. Vance</u>
KATRINA M. QUICKER
Georgia Bar No. 590859
KATHRYN A. VANCE
Georgia Bar No. 783480
AUSTIN D. STEWART
Georgia Bar No. 158920
QUICKER LAW, LLC
900 Circle 75 Parkway, Suite 100
Atlanta, GA 30339
T: (678) 750-0450
kquicker@quickerlaw.com
kvance@quickerlaw.com
astewart@quickerlaw.com

Christopher J. Chan
Georgia Bar No. 120498
CHRISTOPHER J CHAN IP LAW, LLC
848 Mentelle Drive NE, Suite 200
Atlanta, GA 30308
T: (404) 625-9599
IP@christopherjchan.com

*Attorneys for Counterclaim Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which served a true and correct copy on all counsel of record.

This 14th day of March, 2025.

        */s/Kathryn A. Vance*
        KATRINA M. QUICKER
        Georgia Bar No. 590859
        QUICKER LAW, LLC
        900 Circle 75 Parkway
        Suite 100
        Atlanta, GA 30339
        T: (678) 750-0450
        kquicker@quickerlaw.com

        *Attorney for Counter Defendants*