# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MODULUS-X PRECISION MACHINING LTD., | |
| *Plaintiff,* | Case No. 1:24-cv-04377-ELR |
| *v.* | Hon. Eleanor L. Ross |
| MODTRUSS, INC., | |
| *Defendant* | |
| and DOES 1-10, INCLUSIVE, | |
| *Defendants.* | |

MODTRUSS, INC.,

    *Counterclaim Plaintiff,*

    *v.*

MODULUS-X PRECISION MACHINING LTD., KEY RIGGING EQUIPMENT LTD. and DEAN COLLINS,

    *Counterclaim Defendants.*

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.2, Plaintiff/Counterclaim

Defendant Modulus-X Precision Machining Ltd. ("Modulus-X") and

1

Defendant/Counterclaim Plaintiff ModTruss, Inc. ("ModTruss") (together, the "Parties"), hereby submit this Joint Preliminary Report and Discovery Plan. Counterclaim Defendants Modulus-X, Key Rigging Equipment Ltd. ("Key Rigging") and Dean Collins ("Collins") (collectively the "Counterclaim Defendants") have filed a Motion to Dismiss the Defendant's Counterclaims and have further moved to stay certain deadlines with respect to the Counterclaim Defendants including filing the Joint Preliminary Report and Discovery and Initial Disclosures, as well as the start of discovery, until such time as the Court rules on the pending Motion to Dismiss.

1.      **Description of Case:**

   (a)      **Describe briefly the nature of this action.**

   (i) *Plaintiff/Counterclaim Defendant Modulus-X's Statement*

   Modulus-X filed this action for declaratory judgment of non-infringement of trademark and trade dress and invalidity of trade dress under the Lanham Act. Specifically, Modulus-X seeks a declaration that its Mx|66| truss product does not infringe any trademark or trade dress rights allegedly held by ModTruss, and that ModTruss's purported trade dress is invalid because it is functional and therefore not protectable.

   In its Answer to Modulus-X's Declaratory Judgment Complaint, Defendant asserted Counterclaims against the Counterclaim Defendants, asserting various

unfair competition and false designation of origin, false advertising, misappropriation, unjust enrichment, breach of contract, and tortious interference claims against one or more of the Counterclaim Defendants.

On March 13, 2025, Counterclaim Defendants filed a Motion to Dismiss the Defendant's Counterclaims.

(ii) *Defendant/Counterclaim Plaintiff ModTruss's Statement*

ModTruss has filed its answer, affirmative defenses, and counterclaims. (Dkt. 11, the "Answer and Counterclaims"). ModTruss denies the allegations made by Modulus-X Precision Machining Ltd. ("Modulus-X") in the Complaint (Dkt. 1). As further detailed in the Answer, ModTruss's affirmative defenses include that this Court does not have subject matter jurisdiction over Modulus-X's declaratory judgment claims of non-infringement of trademark and trade dress and invalidity of trade dress because there was no live case or controversy at the time Modulus-X filed its action; the doctrines of unclean hands and/or in pari delicto; and lack of damages, in that if Modulus-X were injured or damaged as alleged in the Complaint, such injury or damage was caused or was contributed to, in whole or in part, by Modulus-X's own conduct.

As further detailed in its Counterclaims, ModTruss alleges that Modulus-X and the additional parties Key Rigging Equipment Ltd ("Key Rigging") and Dean Collins ("Dean Collins", together with Key Rigging and Modulus-X, the

"Counterclaim Defendants") are liable, collectively and/or individually, for trademark and trade dress infringement, unfair competition, false designation of origin, and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition, false advertising, unjust enrichment, misappropriation and conversion, breach of contract, and tortious interference under Georgia statutory and common law. As further alleged in its Counterclaims, ModTruss's claims arise from the Counterclaim Defendants' unauthorized copying and use of ModTruss's trade dress in connection with the marketing, advertising, promotion, rental, and/or sale of infringing Modulus-X products, their false and deceptive claims relating to the strength and safety of the Modulus-X infringing truss, and their misappropriation of ModTruss's confidential information.

ModTruss seeks judgment in favor of ModTruss and dismissal with prejudice of Modulus-X's claims. ModTruss seeks damages including direct damages and damages—including attorneys' fees, costs, and expenses—under federal and Georgia law resulting from the Counterclaim Defendants' willful conduct.

**(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

*Modulus-X's Statement*

Modulus-X is a leader in the design, manufacture, and assembly of extruded aluminum truss products. Collins, the founder, current owner and president of

4

Modulus-X, has decades of experience working as a hands-on technician within the entertainment and sport industries. Modulus-X has developed a line of precision-machined, computer-engineered modulur building components used most commonly for camera or lighting support within the film and television industry.

In late 2018 and early 2019, Collins developed a better, easier-to-assemble, and safer and stronger truss product out of extruded aluminum. This new truss product minimized the welding, eliminated the need for special tools for assembly, and because it was stronger, did not require additional heavy parts to help with load bearing, thereby eliminating the safety hazard. In early 2019, Collins showed ModTruss this new extruded aluminum truss product, hoping to work together with ModTruss on commercializing this new product. After months of discussion, ModTruss ultimately refused to work with Collins. Thereafter, Collins developed a new extruded aluminum truss product with many additional changes than the one presented to ModTruss, and then founded Modulus-X in 2019 to commercialize it. Modulus-X made its first sales of the new truss product in September, 2019.

On August 16, 2024, Modulus-X received a cease-and-desist letter from ModTruss alleging that the Modulus-X's Mx|66| truss infringes on ModTruss's trademark (U.S. T.M. Reg. No. 5500216 and U.S. Serial No. 98670750, application pending) and alleged trade dress rights to a design feature for truss products comprising "indented clover shape with four round holes, one by each of the

indentations." Thereafter, Modulus-X filed the present action seeking declaratory judgment Modulus-X's Mx|66| truss do not infringe ModTruss's trademark and trade dress and that that ModTruss's purported trade dress is invalid because it is functional.

### ModTruss's Statement

ModTruss is a leader in the design, manufacture, and assembly of modular building components, including modular trusses, across industries and applications. ModTruss's modular building components are particularly useful in facilitating the efficient construction of temporary structures that are strong yet movable. ModTruss, including its founders Patrick Santini and Steve Weltin, invested significant resources and time into developing first-to-market, innovative, strong modular trusses that are highly reconfigurable and safe. ModTruss has protected its products with, among other things, registered trademarks, trade dress by way of the ModTruss clover design and design of four circular bolt holes (the "ModTruss Trade Dress", as defined in the Answer and Counterclaims), and patent. The ModTruss Trade Dress has now acquired secondary meaning.

ModTruss alleges that Modulus-X has created an infringing product that unfairly and willfully trades on the goodwill associated with the ModTruss Trade Dress. Collins, who also runs the related company Key Rigging, had previously

obtained access to ModTruss's confidential information and executing certain confidentiality agreements with ModTruss.

Eventually, ModTruss became aware that Modulus-X was manufacturing, offering for sale, selling, and publicizing infringing products in the United States. Thereafter, on August 16, 2024, ModTruss's counsel sent a letter (attached as Exhibit 1 to Modulus-X's Complaint) to Modulus-X warning of its infringement of ModTruss's intellectual property, setting forth a detailed account of the factual basis for the infringement, and seeking additional information from Modulus-X concerning the infringing products. ModTruss never threatened litigation against Modulus-X by a date certain. Modulus-X and Key Rigging's websites also post false and misleading claims regarding the strength and durability of their trusses.

**(c)     The legal issues to be tried are as follows:**

**(i)     Modulus-X contends the issues are as follows:**

1.      Whether and to what extent ModTruss owns protectable trademark and trade dress rights in the clover design under the Lanham Act;

2.      Whether the Modulus-X's Mx|66| truss product infringes any ModTruss's purported trademark or trade dress; and

3.      Whether Modulus-X is entitled to declaratory judgment that it has not infringed any of ModTruss's purported trademark and trade dress rights.

**(ii)     ModTruss contends the issues are as follows:**

1.     Whether Modulus-X and Key Rigging willfully infringed on the ModTruss Trade Dress;

2.     Whether Modulus-X and Key Rigging, by knowingly continuing to use a clover cut-out pattern with four bolt holes in the Infringing Product that is nearly identical to the ModTruss Trade Dress (and thus, confusingly similar) constitutes unjust enrichment, unfair competition and a false designation of origin under 15 U.S.C. § 1125(a)(1)(A) and Georgia common law;

3.     Whether Modulus-X and Key Rigging, by intentionally making false and/or misleading, deceitful statements of fact concerning the infringing products, have engaged in false advertising under 15 U.S.C. § 1125(a)(1)(B) and Georgia law (O.C.G.A. § 10-1-420 to 10-1-427);

4.     Whether Modulus-X and Key Rigging's unauthorized use of ModTruss's Trade Dress with the intention of deceiving and misleading the public constitutes unfair competition under Georgia law (O.C.G.A. § 23-2-55);

5.     Whether Modulus-X and Collins committed misappropriation and conversion under Georgia common law through unauthorized use and conversion of the ModTruss Trade Dress and confidential information;

6.     Whether Key Rigging breached its contractual obligation with ModTruss by misappropriating ModTruss's confidential information for its own benefit and the benefit of Modulus-X;

7. Whether Collins tortiously interfered with valid, binding contracts between ModTruss and Key Rigging by intentionally and improperly inducing and/or directing Key Rigging's violation of its agreements with ModTruss; and

8. The quantum of damages Plaintiff and the Counterclaim Defendants owe to ModTruss.

The Parties reserve the right to amend and/or add to this list of issues to be tried.

**(d)    The cases listed below (include both style and action number) are:**

**(1)    Pending Related Cases:  None.**

**(2)    Previously Adjudicated Related Cases:**

Modulus-X asserts that *ModTruss, Inc. v. Battlefrog, LLC*, Case No. 1:16-CV-1317-ELR (2016) is a related case.

**9. This case is complex because it possesses one or more of the features listed below (please check):**

ModTruss's position is that the case has procedural complexities because of the factors checked below:

|        |       |                                                         |
|--------|-------|---------------------------------------------------------|
| _____  | **(1)** | **Unusually large number of parties**                 |
| **X**  | **(2)** | **Unusually large number of claims or defenses**       |
| _____  | **(3)** | **Factual issues are exceptionally complex**           |
| _____  | **(4)** | **Greater than normal volume of evidence**             |
| _____  | **(5)** | **Extended discovery period is needed**                |
| _____  | **(6)** | **Problems locating or preserving evidence**           |
| _____  | **(7)** | **Pending parallel investigations or action by government** |
| **X**  | **(8)** | **Multiple use of experts**                            |

__X__ (9)    **Need for discovery outside United States boundaries**
__X__(10)    **Existence of highly technical issues and proof**
__X__ (11)**Unusually complex discovery of electronically stored**

**information**

10.**Counsel:**

**The following individually-named attorneys are hereby designated as**

**lead counsel for the parties:**

**Plaintiff/Counterclaim Defendants:**

> Katrina M. Quicker
> Quicker Law, LLC
> 900 Circle 75 Parkway, Suite 100
> Atlanta, GA 30309
> kquicker@quickerlaw.com
> (678) 750-0450


**Defendant/Counterclaim**
**Plaintiff ModTruss:**      Marc J. Rachman (admitted *pro hac vice*)
> Davis+GilbertLLP
> 1675 Broadway
> New York, NY 10019
> mrachman@dglaw.com
> (212) 468-4890

11.**Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

 __X__Yes ___No

If "yes," please attach a statement, not to exceed one page, explaining the

jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

While Modulus-X maintains that this Court has jurisdiction to hear its declaratory judgment action to determine whether ModTruss has any valid trademark or trade dress rights or whether Modulus-X's Mx|66| truss products infringe any of ModTruss's purported trademark and trade dress rights, Counterclaim Defendants maintain that this Court lacks authority to hear any of ModTruss's Counterclaims, and filed a motion to dismiss those Counterclaims on March 13, 2025 (Dkt. 33) and incorporates those arguments and evidence hereto.

ModTruss intends to oppose the Counterclaim Defendants' motion to dismiss (Dkt. 33).

12.    **Parties to This Action:**

(a)    **The following persons are necessary parties who have not been joined:**

Modulus-X: None known at this time.

ModTruss: Depending on discovery, certain of Counterclaim Defendants' manufacturers, distributors, and/or customers may become necessary parties.

(b)    **The following persons are improperly joined as parties:**

Plaintiff/Counterclaim Defendants believe that Counterclaim Defendants Key Rigging and Collins should not be parties to this action, and filed a Motion to Dismiss (Dkt. 33).

ModTruss intends to oppose the Counterclaim Defendants' Motion to Dismiss (Dkt. 33).

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None known at this time.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

The parties do not, at this time, anticipate that any amendments to the pleadings will be necessary; however, the parties reserve the right to amend the

pleadings to the extent that they deem necessary in view of further analysis, discovery and/or other unforeseen developments, subject to the requirements of the Federal Rules or the Local Rules of this Court.

**(b)** **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.** **Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** **_Motions to Compel_: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** **_Summary Judgment Motions_: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** **_Other Limited Motions_: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Modulus-X and ModTruss exchanged initial disclosures on March 17, 2025. Upon an order from the Court relating to the pending Motion to Dismiss and Motion to Stay, if needed, Counterclaim Defendants Key Rigging and Collins will serve their initial disclsoures.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to

**initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Without waiving their rights regarding the scope of discovery or the relevancy of discovery or any information described below, the Parties identify the following possible topics of discovery in this action:

Modulus-X anticipates seeking discovery on:

- The protectability of ModTruss's alleged trademark and trade dress rights in the clover design;
- ModTruss's patent applications and granted patents;
- The Parties' respective business and goods and services, and the Parties' respective distribution channels, customers, and sales;
- The Parties' respective advertising and promotion of their products and services;
- ModTruss's communications with its customers and licensees; and
- ModTruss's development of its products and services.

ModTruss anticipates seeking discovery on:

- The establishment and financing of Modulus-X and Key Rigging;

- Counterclaim Defendants' manufacturing plants and processes;
- Counterclaim Defendants' distribution channels;
- Counterclaim Defendants' customers and level of sales; and
- The research underlying Counterclaim Defendants' Center Load Test report, which is published on Modulus-X's website and which is linked to on Key Rigging's website.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Parties propose an eight (8) month discovery period, subject to alteration depending on the Court's ruling on Counterclaim Defendants' pending Motion to Dismiss. Specifically, the Parties anticipate that an additional four (4) months will be required to complete discovery beyond the four (4) month discovery track set forth for trademark cases in Appendix F to this Court's local Rules. The Parties believe that this additional time is appropriate for this case because witnesses and evidence are located outside of the United States, because there are potentially a large number of claims and defenses, because there will be complex discovery of electronically stored information, and because this case will likely involve the use of multiple experts. The Parties further request bifurcated discovery so that fact discovery can occur in advance of expert discovery.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties consent and agree pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) that service may be made by electronic mail, with copies sent to all attorneys of record for the party served.

The Parties agree that there is no obligation to identify on a privilege log documents protected by the attorney-client privilege or work product doctrine created after September 27, 2024.

**(b)    Is any party seeking discovery of electronically stored information?**

    **X**    Yes            _____ No

**If "yes,"**

**i.    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties have initiated discussions concerning the extent, scope, and handling of electronic discovery and will endeavor to continue such discussions throughout the initial stages of discovery. The Parties agree to meet and confer in

good faith to negotiate and then submit a stipulated ESI Protocol for the Court's approval early in the discovery process.

**ii.     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties have discussed this issue but have not yet reached an agreement. The Parties agree to meet and confer in good faith to negotiate and then submit a stipulated ESI Protocol for the Court's approval early in the discovery process.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

In addition to a proposed order regarding e-discovery, the Parties anticipate submitting a joint proposed protective order for consideration and entry by the Court. Additionally, the Parties intend for that protective order to include clawback protections based on Rule 502 of the Federal Rules of Evidence for the inadvertent

disclosure of privileged information to allow for the return of privileged documents produced during discovery without fear that the disclosure waives the attorney-client privilege or work product protection.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that Plaintiff's predecessor counsel and Defendant's counsel conducted a Rule 26(f) conference that was held on March 14, 2025, and that they have participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

Lead counsel for Plaintiff:

*/s/ Katrina M. Quicker*

Other Participants:

Christopher J. Chan, Kathryn A. Vance

Lead counsel for Defendant/Counterclaim Plaintiff:

*/s/ Marc J. Rachman*

Other Participants:

Sarah Benowich, Coby Nixon, Seth Trimble

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

(__X___) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

**(c)     Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.     Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2025.**

**(b)     The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 17th day of March.

| | |
|---|---|
| */s/Katrina M. Quicker* | */s/Coby S. Nixon* |
| KATRINA M. QUICKER | Marc J. Rachman |
| Georgia Bar No. 590859 | (admitted *pro hac vice*) |
| KATHRYN A. VANCE | Sarah Benowich |
| Georgia Bar No. 783480 | (admitted *pro hac vice*) |
| AUSTIN D. STEWART | Eva M. Jiménez |
| Georgia Bar No. 158920 | (admitted *pro hac vice*) |
| QUICKER LAW, LLC | DAVIS+GILBERT LLP |
| 900 Circle 75 Parkway | 1675 Broadway |
| Suite 100 | New York, New York 10019 |
| Atlanta, GA 30339 | Telephone: (212) 468-4890 |
| T: 678-750-0451 | mrachman@dglaw.com |
| kquicker@quickerlaw.com | sbenowich@dglaw.com |
| kvance@quickerlaw.com | ejimenez@dglaw.com |
| astewart@quickerlaw.com | |
| | Coby S. Nixon |
| Christopher J. Chan | Georgia Bar No. 545005 |
| Georgia Bar No. 120498 | Seth K. Trimble |
| CHRISTOPHER J CHAN IP LAW, LLC | Georgia Bar No. 851055 |
| 848 Mentelle Drive NE, Suite 200 | BUCHALTER APC |
| Atlanta, GA 30308 | 3350 Riverwood Parkway SE |
| T: (404) 625-9599 | Suite 1900 |
| IP@christopherjchan.com | Atlanta, Georgia 30339 |
| | Telephone: (404) 832-7530 |
| | cnixon@buchalter.com |
| *Attorneys for Plaintiff Modulus-X* | strimble@buchalter.com |
| *Precision Machining Ltd. and* | |
| *Counterclaim Defendants Key Rigging* | *Attorneys for Defendant and* |
| *Equipment Ltd. and Dean Collins* | *Counterclaim Plaintiff ModTruss, Inc.* |